IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 99-CR-012-TCK |
| | ) | |
| ESTAC L. LOVE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's "Motion for Reversal of Conviction Pursuant to 28 U.S.C. § 1651" (Dkt. # 146). In his motion, Defendant claims that "the Court erred in sentencing Petitioner to 1500 months under a separate statute not charged in the indictment based on the Judge's findings of aggravated facts in violation of the Fifth and Sixth Amendments and Apprendi v. New Jersey, 530 U.S. 466 (2000)," and that "imposition of the 1500 month sentence was cruel and unusual punishment." See Dkt. # 146. Defendant asks the Court to reverse his conviction. For the reasons discussed below, the Court finds Defendant's motion shall be denied.

## BACKGROUND

Between December 1998 and January 1999, Defendant Estac Love was involved in a crime spree in Tulsa, Oklahoma. On December 18, 1998, he committed armed robbery of a Kentucky Fried Chicken restaurant. On December 21, 1998, he and his co-defendants, Willie Cobb and Stacy Malone, were involved in a carjacking and the armed robbery of the U.S. Express, a check cashing business, located at 1610 N. Lewis. On January 5, 1999, Defendant and his co-defendants were involved in an attempted armed robbery of the Grandy's restaurant located at 2140 S. Garnett. On

January 28, 1999, Defendant and Cobb intended to rob another check cashing business in Tulsa. As a result of his participation in those events, Defendant Love was charged by the grand jury on February 5, 1999. See Dkt. # 5. On March 4, 1999, a fourteen-count superseding indictment was filed. See Dkt. # 14.

Defendant attempted to negotiate a Rule 11(e)(1)C) plea agreement that capped his sentence exposure at 38 years. However, the Court refused to accept the plea agreement, noting that, *inter alia*, Defendant Love was the ringleader of the group and had an extensive criminal history resulting in a Category V placement under the sentencing guidelines. After rejection of the plea agreement, Defendant insisted on going to trial.

Defendant was tried by a jury before Judge Thomas R. Brett. On September 22, 1999, the jury found Defendant guilty on all fourteen counts. See Dkt. # 64. On February 4, 2000, Judge Brett sentenced Defendant to 1,752 months, or 146 years imprisonment, the minimum sentence available under the guidelines. See Dkt. # 90.

Defendant appealed to the Tenth Circuit Court of Appeals. He raised four (4) issues as follows: (1) rejection of the plea agreement by the trial court was a violation of Fed. R. Crim. P. 11, (2) the disparity between the sentences imposed upon him and his accomplices violates principles of fundamental fairness and due process, as well as the Eighth Amendment's prohibition of cruel and unusual punishment, (3) his sentence violated due process pursuant to Apprendi v. New Jersey, 120 S.Ct. 2348, 2355, 2362-63 (2000), (4) pursuant to United States v. Morrison, 120 S.Ct. 1740 (2000), enactment of the Hobbs Act, 18 U.S.C. § 1951, exceeded Congress' powers under the Commerce Clause. On September 5, 2001, the appellate court rejected Defendant's claims and affirmed this Court's judgment. See Dkt. # 109.

2

On September 3, 2002, Defendant filed a 28 U.S.C. § 2255 motion (Dkt. # 117). By Order filed November 4, 2005 (Dkt. # 144), the Court denied relief. Defendant did not appeal the denial of his § 2255 motion to the Tenth Circuit Court of Appeals.

On July 23, 2007, Defendant filed a motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, requesting that the Court "reverse his conviction." See Dkt. # 146. He argues that § 2255 and § 2241 are inadequate or unavailable for the claims asserted in the motion, so he must be allowed to raise the claims through the All Writs Act.

## *ANALYSIS*

Before the Court can review the merits of Defendant's arguments, he must show that he is authorized to bring his claim under the All Writs Act. The issuance of a writ of error coram nobis is authorized by 28 U.S.C. § 1651(a), which states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, a common law writ, such as the writ of error coram nobis, is an extraordinary remedy which is allowed under compelling circumstances only. United States v. Morgan, 346 U.S. 502 (1954) ("Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed only under circumstances compelling such action to achieve justice."). As an extraordinary remedy, relief under the All Writs Act is available only when § 2255 motions or other forms of relief are not available. Ward v. United States, 381 F.2d 14, 15 (10th Cir. 1967); Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960); see also Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). "The writ of error coram nobis is used to vacate a federal sentence or conviction

3

when a § 2255 motion is unavailable -- generally when the petitioner has served his sentence completely and thus is not longer 'in custody' as required for § 2255 relief." Blanton v. United States, 94 F.3d 227 (6th Cir. 1996).

In this case, Defendant argues, without elaboration, that habeas relief under § 2255 is unavailable. Because the Court has previously denied a motion filed pursuant to § 2255, any new motion would be a "second or successive" § 2255 motion. A second or successive motion under § 2255 will only be permitted in two situations:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Defendant does not argue that he has discovered new evidence entitling him to relief. In addition, Apprendi is not a new rule of criminal procedure that has been made retroactive to cases on collateral review. United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002). Thus, it does not appear that Defendant would be able to file a second or successive habeas petition under § 2255, because Apprendi does not apply retroactively to cases on collateral review.

However, the fact that Defendant does not qualify under the strict guidelines for filing a second or successive habeas petition does not mean that § 2255 relief is unavailable for purposes of the All Writs Act. The Supreme Court has stated that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34, 43 (1985)). Courts that have considered the issue have not

4

permitted prisoners to circumvent the procedural requirements of § 2255, such as the statute of limitations or requirements for filing a second or successive petition, with a common law writ. United States v. Esogbue, 357 F.3d 532 (5th Cir. 2004); Godoski v. United States, 304 F.3d 761 (7th Cir. 2002); United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2000). Simply stated, the proper procedure to challenge Defendant's sentence is § 2255, not a common law writ. Even though Defendant may not be able to file a second or successive habeas petition,[1] that does not authorize him to seek relief under the All Writs Act. Defendant's motion for reversal of conviction pursuant to 28 U.S.C. § 1651 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motion for Reversal of Conviction Pursuant to 28 U.S.C. § 1651" (Dkt. # 146) is **denied**.

DATED THIS **31** day of July, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

---

[1] This Court is not ruling on whether Defendant may or may not file a second or successive habeas petition, as that is a matter Defendant must raise before the Tenth Circuit Court of Appeals. 28 U.S.C. § 2255.