**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 99-CR-012-TCK |
| ) | |
| ESTAC L. LOVE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On August 10, 2009, Defendant Estac L. Love, a federal prisoner appearing *pro se*, filed a "petition for writ of *audita querela* and for other relief" (Dk. # 158). For the reasons discussed below, the Court finds that the "petition for writ of error *audita querela* and for other relief" should be dismissed for lack of jurisdiction.

The record reflects that Defendant is currently incarcerated serving sentences entered on fourteen (14) counts of armed robbery, car-jacking and weapons charges. His sentences total 146 years. Defendant has attempted, without success, to obtain relief from his sentences numerous times in the past. On September 5, 2001, the Tenth Circuit Court of Appeals affirmed his convictions and sentences on direct appeal. See Dkt. # 109. This Court denied relief under 28 U.S.C. § 2255 on November 4, 2005. See Dkt. # 144. Defendant did not appeal that ruling. On August 3, 2007, this Court denied Defendant's petition for writ of error coram nobis. See Dkt. # 147. The Tenth Circuit affirmed the denial of relief. See Dkt. # 154. On April 28, 2008, the United States Supreme Court denied Defendant's petition for writ of *certiorari*. See Dkt. # 157.

In his petition for writ of *audita querela*, Defendant argues that he is entitled to modification of his sentences entered pursuant to 18 U.S.C. § 924(c). He seeks relief from his sentences based on

Case 4:99-cr-00012-TCK   Document 159 Filed in USDC ND/OK on 08/12/09   Page 2 of 3

the "except clause" of 18 U.S.C. § 924(c), as interpreted by the Second Circuit Court of Appeals. See Dkt. # 158 (relying on United States v. Whitley, 529 F.3d 150, 153 (2d Cir. 2008); United States v. Williams, 558 F.3d 166 (2d Cir. 2009)).

In United States v. Torres, 282 F.3d 1241 (10th Cir. 2002), the Tenth Circuit Court of Appeals discussed the limited applications of writs of error *coram nobis* and *audita querela*, as follows:

> . . . a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. See, e.g., United States v. Carpenter, 24 Fed.Appx. 899, 903 (10th Cir.2001) (unpublished) (citing United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001)). Similarly, a writ of audita querela is "not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." Tavares v. Mass., 59 F.Supp.2d 152, 155 (D.Mass.1999); see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir.2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255 . . ."); United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992) (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C. § 2255").

Id. at 1245.  In this case, Defendant remains in custody on the challenged sentences.  As a result, section 2255 provides the exclusive means for Defendant to challenge his conviction and sentence in this Court. See Torres, 282 F.3d at 1245.  Furthermore, Defendant cannot "avoid the bar against successive § 2255 petitions by simply styling a petition under a different name," id. at 1246. See also Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) (stating that "the mere fact [a petitioner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate" and therefore unavailable as a remedy). Therefore, the Court lacks jurisdiction to consider the merits of Defendant's claim because the claim is cognizable under 28 U.S.C. § 2255, and relief is not, therefore, available via a petition for writ of *audita querela*.

Lastly, the Court finds Defendant is not entitled to any "other relief." See Dkt. # 158. As indicated above, the Court has already denied a 28 U.S.C. § 2255 filed by Defendant. The Court finds it is not in the interest of justice to construe Defendant's petition for writ of *audita querela* as a second § 2255 motion transferable to the Tenth Circuit Court of Appeals. However, the Court's decision not to construe the petition as a second § 2255 motion does not preclude Defendant from seeking authorization to file a second § 2255 motion from the Tenth Circuit Court of Appeals.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's "petition for writ *audita querela* and for other relief" (Dkt. # 158) is **dismissed for lack of jurisdiction**.

DATED THIS 12th day of August, 2009.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE