IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-CR-12-TCK |
| | ) | |
| ESTAC LAJUAN LOVE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is the Defendant Estac Lajuan Love's ("Love") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 203). On June 17, 2020, the Government filed its Response in Opposition (Doc. 209). Love filed a Reply on July 20, 2020 (Doc. 212).

Love seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018, and a combination of factors which warrant relief. The Government urges the Court to deny Love's § 3582(c)(1)(A) motion based on the contention that Love is not eligible for compassionate release. *Id.* Specifically, the Government argues that the First Step Act did not change the requirements for granting compassionate release, and Love's claims do not constitute "extraordinary and compelling reasons" warranting relief. (Doc. 209). Based on the following, Love submits the Government is wrong as a matter of law as to his eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). Further, Love maintains that he is not a danger to the community and that the 18 U.S.C. § 3553(a) factors support a reduction in sentence.

**I. Background**

In 2000, Love was sentenced to 146 years in prison based on his involvement in a series of robberies that took place from December 1998 through January 1999 when Love was only 26 years old. In 1999, a jury convicted Love of fourteen counts, including armed robbery, conspiracy, carjacking, and firearms charges. (Docs. 14, 64). Six of the fourteen convictions were for violations of 18 U.S.C. § 924(c); of those, the jury found the firearms were brandished in four. *Id.* At the time of his convictions, Love's first § 924(c) conviction carried a minimum 7-year sentence, and each subsequent § 924(c) conviction carried a minimum 25-year sentence. 18 U.S.C. § 924(c)(1)(C)(i). As required by statute, this Court ordered Love's sentences under 18 U.S.C. § 924(c) to run consecutively to each other and to his sentences for the robbery, conspiracy, and carjacking. 18 U.S.C. § 924(c)(1)(D)(ii).[1]

On direct appeal, the Tenth Circuit affirmed Love's conviction and sentence. (Doc. 109); see also *United States v. Love*, 17 F. App'x 942 (10th Cir. 2001) (unpublished). This Court has denied Love's motions for relief under 28 U.S.C. § 2255 and 28 U.S.C. § 1651, and has denied his petition for a writ of audita querela. (See Docs. 144, 145, 146, 147, 154, 158, 159, 160); see also *United States v. Love*, 260 F. App'x 134 (10th Cir. 2008) (unpublished), *United States v. Love*, 379 F. App'x 784 (10th Cir. 2010) (unpublished). In 2008, the Supreme Court denied Love's petition for a writ of certiorari. (Doc. 157).

Although Love has sought unsuccessfully to obtain relief from this sentence, in December 2018, Congress passed the First Step Act, which eliminated the practice of enhancing § 924(c) counts in a first case and empowered defendants to seek compassionate release from the courts.

---

[1] On July 22, 1998, this Court opted not to accept the proposed Rule 11(e)(1)(c) plea agreement for 38 years and a new trial date was set. In hindsight, the Court finds this was an inappropriate decision.

First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5221–22. Pursuant to those changes, on April 29, 2020, Love submitted a written request to the warden at his facility asking for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). After considering Love's request, the warden at his facility declined to file a motion for compassionate release on his behalf.

Since Love's sentencing in 2000, significant reforms have been made within the criminal justice system to avoid excessively long prison sentences. Although many changes have not been deemed retroactively applicable, numerous district courts have found that the massive sentencing disparities caused by recent legislation, as well as a combination of other factors, may warrant a reduction in sentence through 18 U.S.C. § 3582(c)(1)(A).

**II. Applicable Law**

In December 2018, Congress enacted the First Step Act ("FSA") which modified §3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in § 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under § 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). [2]

If the Court finds the exhaustion requirements are met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*; See also, *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).

**A. Exhaustion Requirement**

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*, the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, 960 Fd.3d 831, 833 (6th Cir. 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does

---

[2] The U.S. Sentencing Commission published data on resentencings pursuant to Section 404 of the First Step Act of 2018. Under Section 404, defendants sentenced before the Fair Sentencing Act of 2010 are eligible for a retroactive sentence reduction. Through June 30, 2020, the Commission found that 3,363 offenders were granted a sentence reduction. Of the 3,363 offenders granted sentence reduction 65.6 % were assigned to the highest Criminal History Category (IV), 56.3 % were Career Offenders, and 44.5 % received a weapon-related sentencing enhancement. United States Sentencing Commission, October 19, 2020.

not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison.

18 U.S.C. § 3582(c)(1)(A). *Id.*

**B. Extraordinary and Compelling Circumstances**

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021); *United States v. Bucci*, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13. The commentary to this section states:

1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant. –

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances. –

(i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

However, the Tenth Circuit has recently clarified this position and held that § 1B1.3 is not binding on district courts "when a defendant files a motion to reduce sentence under § 3582(c)(1)(A) directly with the district court." *Id.*

**C. Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors**

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction;

6

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### III. A Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) is Warranted

#### A. Love Has Met the Exhaustion Requirements of § 3582(c)(1)(A)

As noted *supra*, on April 29, 2020, Love submitted a written request to the warden requesting a compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A)(i). After consideration, the warden at his facility denied Love's request. Therefore, Love has fully exhausted his administrative appeals and has met the exhaustion requirements under 18 U.S.C. § 3582(c)(1)(A).

#### B. Extraordinary and Compelling Circumstances Justify a Reduction in Sentence

In considering Love's motion, the Court has reviewed the three-part test adopted by the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) (citing *United States v. Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020)). Step one requires the Court to determine at its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. Step two requires that the Court find whether such reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. Step three requires the Court to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction authorized by steps one and two is warranted under the particular circumstances of the case. However, because the policy statements of the Sentencing Commission have not been updated since enactment of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to file motions for compassionate release directly with the Court, the existing policy statements are not applicable to motions filed directly by defendants. *Id*. at 12. Further, when any of the three prerequisite steps are lacking, the Court

may deny a compassionate release motion and does not need to address the other steps. The Court must address all three steps when granting such motion. *Id.* at 13 n.4. (citing *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)). See also *United States v. McGee*, No. 20-5047 (10th Cir. Mar. 29, 2021).

The extraordinary and compelling circumstances presented in the instant case relate in part to the significant sentencing disparity created by another provision of the First Step Act–the changes to the penalty provisions under 18 U.S.C. § 924(c)(1)(C). Section 403 of the First Step Act amended § 924(c)(1)(C) to now read:

(C) In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall–

(i) be sentenced to a term of imprisonment of not less than 25 years.

18 U.S.C. § 924(c)(1)(C).

Prior to the enactment of the First Step Act, an enhanced, statutory minimum penalty was provided for any § 924(c) conviction after the first, regardless of whether the subsequent conviction was a part of the instant offense. Such is Love's case. Love received a term of 146 years, which included 6 mandated "stacked" § 924(c) convictions. If Love were sentenced based on what is now considered to be a fair and reasonable punishment, he would not have been subject to these mandatory 924(c) enhancements. The amendments to § 924(c)(1)(C) under the First Step Act would apply in this case if Love were convicted of the same crimes today. This reveals a 94-month discrepancy between Love's current sentence and the sentence to which he would be subject to if convicted today; instead of 132 years, Love would be subject to a sentence of 38 years on the § 924(c) convictions. Further, Love has already served approximately 21 years of his 146-year sentence.

Recognizing the disparity created by the First Step Act's alterations to § 924(c), many district courts have granted reductions to defendants with "stacked" 924(c) convictions. In *United States v. Urkevich*, the U.S. District Court for the District of Nebraska found that "[a] reduction in [Urkevich's] sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed." *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019). Since the *Urkevich* decision, numerous other district courts have followed suit. See, e.g., *United States v. Young*, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. O'Bryan*, 2020 WL 869475 (D. Kan. Feb. 21, 2020); *United States v. Maumau*, No. 2020 WL 806121 (D. Utah Feb. 18, 2020).

District courts across the country have continued to grant § 3582(c)(1)(A) relief based on the "stacking" of § 924(c) convictions. See also *United States v. Clausen*, 2020 WL 4260795 (E.D. Pa. July 24, 2020) (reducing sentence to time served after serving 20 years on nine counts of § 924(c) resulting in a 213-year sentence); *United States v. Burt*, 2020 WL 4001906 (E.D. Mich. July 15, 2020) (reducing sentence to time served after serving 30 years of a 41-year sentence for stacked § 924(c) convictions); *United States v. Adeyemi*, 2020 WL 3642478 (E.D. Pa. July 6, 2020) (reducing sentence to time served based on two § 924(c) where defendant was sentenced to 385 months at the age of 19); *United States v. Lott*, 2020 WL 3058093 (S.D. Cal. June 8, 2020) (reducing a sentence of 423 months based on stacked § 924(c) convictions to 375 months imprisonment); *McCoy v. United States*, 2020 WL 2738225 (E.D. Va. May 26, 2020) (granting a reduction in sentence from stacked § 924(c) convictions where defendant was sentenced at age 20 to a 421-month term and finding the defendant's relative youth at the time of sentence, overall length of sentence, disparity between his sentence and those sentenced for similar crimes after the

9

First Step Act, and his rehabilitation efforts form extraordinary and compelling bases for relief); *United States v. Haynes*, 2020 WL 1941478 (E.D.N.Y. Apr. 22, 2020) (reducing a 46-year term of imprisonment after serving 27 years based on § 924(c) stacking), and *United States v. Curtis*, No. 01-CR-03-TCK, 2020 WL 6484185 (N.D. Okla. Nov. 4, 2020).

If Love were sentenced today, he would not be subject to the mandatory enhanced sentence for a subsequent § 924(c) conviction. As the district courts in *Maumau, Urkevich, Young,* and *O'Bryan* have recognized, such a significant disparity in sentence constitutes an "extraordinary and compelling" reason for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

### C. A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines Policy

Having established that Love has exhausted his administrative appeal, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted.

Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct." *Id.* Indeed, the Court continued, "Post-sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242.[3] See e.g. *United States v. Millan*, 91-CR-685 (LAP), 2020 WL 1674058, at *9 (S.D.N.Y.

---

[3] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.

Apr. 6, 2020) (granting a sentence reduction under § 3582(c) to a defendant who ran a drug-trafficking organization, given that "[the defendant], in the face of a life sentence, assumed a positive outlook and attitude towards life, sought to improve himself to the utmost extent possible and was motivated to do so notwithstanding his circumstances").

Looking to the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1), Love recognizes the severity of his wrongdoing and has committed himself to proving his rehabilitation. During his time incarcerated, Love has demonstrated extended periods of favorable behavior and has continued to work on self-development and personal growth having completed many hours of classes and programs in an array of subjects offered by the BOP. He has been dedicated to the rehabilitation of himself and others, personifying the objectives of § 3553(a)(2) that incarceration "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." Further, Love has maintained strong family and community ties. This is expressed in the outpouring of letters on Love's behalf for leniency and the prospect of gainful employment upon his release.

Considering Love's personal rehabilitation in prison, coupled with his youth at the time of the offense, his strong family and community support as well as the prospect of gainful employment, the disparity of sentence between his sentence and those sentenced for similar crimes after the First Step Act, the Court finds extraordinary and compelling circumstances which form

---

For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training…or other correctional treatment in the most effective manner." §§3553(a)(2)(B)-(D); see *McMannus,* 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Id*.

the basis for relief. While his crimes were serious, he has accepted full responsibility for them and has already endured serious punishment for them. Therefore, the Court finds that a reduction under § 3582(c)(1)(A) to a reduced sentence of 456 months is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).[4]

## IV. CONCLUSION

Based on the foregoing, the Court grants Love's Motion for Reduction of Sentence (Doc.203). Defendant's sentence is hereby reduced to 456 months, or 38 years, the mandatory sentence Love would receive under current law, and the same sentence offered to him by the Government and agreed to by him in 1998. See *supra* n.1 at 2. Said sentence shall consist of 0 months as to each of Counts One, Three, Four, Six, Eight, Ten, Twelve, and Fourteen, to run concurrently with each other, and 84 months as to each of Counts Two, Five, Seven, Nine, Eleven, and Thirteen, to run consecutively to each other and to all other counts. This sentence is sufficient, but not greater than necessary, to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; adequately deter criminal conduct; protect the public from further crimes by the defendant; and provide the defendant with needed educational or vocational training, or medical care.

**IT IS SO ORDERED this 21st day of May, 2021.**

TERENCE C. KERN
United States District Judge

---

[4] Despite Love's commendable attempts at rehabilitation, his efforts fall short of the exemplary conduct this Court has required of other defendants when reducing sentences to time served. Love has not completed his GED and has incurred other infractions. This is not to say that Love cannot file another Motion for Compassionate Release with additional evidence of post-rehabilitation evidence and conduct.